IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVIS- LYNCH, INC. | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:10-CV-87 |
| | § | |
| NANCY MORENO A/K/A NANCY | § | |
| SALDANA A/K/A NANCY EPPERSON | § | |
| FLOYD, JOSE ALFREDO MORENO A/K/A | § | |
| AL MORENO A/K/A ALFREDO MORENO, | § | |
| INDIVIDUALLY AND D/B/A HANNA-SYKE | § | |
| AND ACCURATE, RONNIE E. FLOYD, | § | |
| ERNEST TREVINO, JR. INDIVIDUALLY | § | |
| AND D/B/A CUSTOM PRODUCTS | § | |
| COMPANY, A-TEX ROOFING COMPANY | § | |
| AND HUNTING CO., YVETTE IBARRO | § | |
| TREVINO, NOE KENT SALDANA, A/K/A | § | |
| KENT SALDANA A/K/A KENT N. | § | |
| SALDANA, INDIVIDUALLY AND D/B/A | § | |
| EAGLE TRANSPORTATION, EAGLE | § | |
| TRANSMISSION, A & E | § | |
| TRANSPORTATION, LINE-X OF | § | |
| FRIENDSWOOD, EXPRESS PACKAGING , | § | |
| BROOKE DAVENPORT-SALDANA, | § | |
| INDIVIDUALLY AND D/B/A | § | |
| STRAWBERRY SOUP CHILDREN'S | § | |
| BOUTIQUE, BETTYE DURANT | § | |
| EPPERSON A/K/A BETTY EPPERSON, | § | |
| ALICIA SALDANA PUCEK A/K/A ALICIA | § | |
| SALDANA A/K/A ALICIA MARIE | § | |
| SALDANA, RONALD WAYNE PUCEK, | § | |
| HANNA-SKYE, INC., MONTE BELLO | § | |
| VENTURES, LLC, AMERY | § | |
| ENTERPRISES, INC., SALDANA | § | |
| CUSTOM HOMES, INC., SALDANA | § | |
| INVESTMENTS, LLC, FRIENDSWOOD | § | |
| WATERSCAPES, LLC, AND EJ'S | § | |
| SPORTS BAR, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Davis-Lynch, Inc. hereby files its Original Complaint herein against Nancy Moreno a/k/a Nancy Saldana a/k/a Nancy Epperson Floyd; Jose Alfredo Moreno a/k/a Al Moreno, a/k/a Alfredo Moreno, individually and d/b/a Hanna-Skye and Accurate; Ronnie E. Floyd; Ernest Trevino, Jr., Individually and d/b/a Custom Products Company, A-Tex Roofing Company and Hunting Co.; Yvette Ibarro Trevino; Noe Kent Saldana a/k/a Kent Saldana a/k/a Kent N. Saldana, Individually and d/b/a Eagle Transportation, Eagle Transmission, A&E Transportation, Line-X of Friendswood, Express Packaging; Brooke Davenport-Saldana, individually and d/b/a Strawberry Soup Children's Boutique; Bettye Durant Epperson a/k/a Betty Epperson; Alicia Saldana Pucek a/k/a Alicia Saldana a/k/a Alicia Marie Saldana; Ronald Wayne Pucek; Hanna-Skye, Inc.; Monte Bello Ventures, LLC; Amery Enterprises, Inc.; Saldana Custom Homes, Inc.; Saldana Investments, LLC; Friendswood Waterscapes, LLC and EJ's Sports Bar, Inc. and for causes of action would show as follows:

### Parties

1.     Plaintiff Davis-Lynch, Inc. ("Davis-Lynch") is a corporation with its principal place of business in Pearland, Texas.

2.     Defendant Nancy Moreno a/k/a Nancy Saldana a/k/a Nancy Epperson Floyd ("N.Moreno") is an individual who may be served with summons at 1466 Garden Lakes Dr., Friendswood, Texas 77546.

3.     Defendant Jose Alfredo Moreno, aka Al Moreno, aka Alfredo Moreno ("A.Moreno") individually and doing business as Hanna-Skye and Accurate may be served with summons at 1466 Garden Lakes Dr., Friendswood, Texas77546.

4.     Defendant Ronnie E. Floyd ("Floyd") is an individual that may be served with summons at 9506 Sageaspen, Houston, Texas 77089

5.      Defendant Ernest Trevino, Jr. ("E. Trevino") individually and doing business as Custom Products Company, A-Tex Roofing Company and Hunting Co. may be served with summons at 2704 CR 783, Alvin, Texas 77511.

6.      Defendant Yvette Ibarro Trevino ("Y. Trevino") is an individual that may be served with summons at 2704 CR 783, Alvin, Texas 77511.

7.      Defendant Noe Kent Saldana, aka Kent Saldana, aka Kent N. Saldana ("K.Saldana") individually and doing business as Eagle Transportation, Eagle Transmission, A & E Transportation,  Line-X of Friendswood and Express Packaging  may be served with summons at 911 Cowards Creek, Friendswood, Texas 77546.

8.      Defendant Brooke Davenport-Saldana ("B.Saldana") individually and doing business as Strawberry Soup Children's Boutique may be served with summons at 911 Cowards Creek, Friendswood, Texas 77546.

9.      Defendant Bettye Durant Epperson, aka Betty Epperson ("Epperson") is an individual and may be served with summons at 304 Pine Creek Dr., Friendswood, Texas 77546.

10.     Defendant Alicia Saldana Pucek, aka Alicia Saldana, aka Alicia Marie Saldana ("A.Pucek") may be served with summons at 1230 County Road 857., Alvin, Texas 77511.

11.     Defendant Ronald Wayne Pucek ("R.Pucek") may be served with summons at 1230 County Road 857, Alvin, Texas 77511.

12.     Defendant Hanna-Skye, Inc., ("Hanna-Skye") is a corporation organized and existing under the laws of the State of Texas doing business in Texas and may be served with summons  by and serving its president Jose Alfredo Moreno at  5918 S. Highway 35, Alvin, Texas 77511.

13.     Defendant Monte Bello Ventures, LLC ("Monte Bello") is a corporation organized and existing under the laws of the State of Texas doing business in Texas and may be served with summons  by and serving its president Noe Kent Saldana at   1506 Winding Way, Suite 207, Friendswood, Texas 77546.

14.     Defendant Amery Enterprises, Inc.("Amery") is a corporation organized and existing under the laws of the State of Texas doing business in Texas and may be served with summons  by and serving its president Noe Kent Saldana at 1506 Winding Way, Suite 207, Friendswood, Texas 77546.

15.     Defendant Saldana Custom Homes, Inc. ("Custom") is a corporation organized and existing under the laws of the State of Texas doing business in Texas and may be served with summons  by and serving its president Noe Kent Saldana at 1506 Winding Way, Suite 207, Friendswood, Texas 77546.

16.     Defendant Saldana Investments, LLC ("Investments") is a corporation organized and existing under the laws of the State of Texas doing business in Texas and may be served with summons  by and serving its president Noe Kent Saldana at 1506 Winding Way, Suite 207, Friendswood, Texas 77546.

17.     Defendant Friendswood Waterscapes, LLC ("Waterscapes") is a corporation organized and existing under the laws of the State of Texas doing business in Texas and may be served with summons  by and serving its president Noe Kent Saldana at  1506 Winding Way, Suite 207, Friendswood, Texas 77546.

18.     Defendant EJ's Sports Bar, Inc. ("EJ's") is a corporation organized and existing under the laws of the State of Texas doing business in Texas and may be served with summons  by and serving its president Ernest Trevino at  2704 CR 783, Alvin, Texas 77511.

**Jurisdiction and Venue**

19.     This Court has jurisdiction of this action under 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States of America, including 18 U.S.C. §§ 1964.  This Court has ancillary, pendent, and/or supplemental jurisdiction under 28 U.S.C. § 1367 over all claims alleged herein that arise under state law, in that all causes of action asserted herein are so related as to from part of the same case or controversy.

20.     Venue of this action in this Court is proper under 28 U.S.C. § 1391(b) in that one or more of Defendants may be found in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**The Parties, Their Roles and Their Relationships**

21.     In order for the facts of the case to be understood, the relationship of the Defendants will be explained and described.  Nancy Moreno (N.Moreno) is currently married to Jose Alfredo Moreno (A.Moreno).  N. Moreno had two previous husbands, Mr. Noe Saldana (deceased) and Mr. Raymond Floyd (R.Floyd) (divorced Jan. 19, 2007).  N. Moreno and Mr. Noe Saldana had two children, Noe Kent Saldana (K.Saldana) and Alicia Pucek (A.Pucek).  K.Saldana is married to Brooke Saldana (B. Saldana). A.Pucek is married to Ronald Wayne Pucek (R. Pucek). Ernest Trevino, Jr. (E. Trevino) is married to Yvette Trevino (Y.Trevino) and is related to N.Moreno through her previous marriage to Noe Saldana. Bettye Epperson (B. Epperson) is the mother of N. Moreno and grandmother to K. Saldana and A. Pucek.

22.     K. Saldana does business under the assumed names of Eagle Transportation, Eagle Transmission, A&E Transportation, Line-X of Friendswood and Express Packaging. He and his wife Brooke Saldana own the corporations, which were part of the

scheme, named Monte Bello Ventures, LLC, Amery Enterprises, Inc., Saldana Custom Homes, Inc., Saldana Investments, LLC and Friendswood Waterscapes, LLC.

23.   B.Saldana does business under the name of Strawberry Soup Children's Boutique.

24.   E.Trevino and Y.Trevino do business under the assumed names of Custom Products Company, A-Tex Roofing Company and Hunting Company. They also own the corporation which was part of the scheme known as EJ's Sports Bar, Inc.

25.   R.Pucek does business under the name Ronald Wayne Pucek, Electrician and was also an owner in the corporation which was part of the scheme known as Monte Bello Ventures, LLC.

26.   Epperson is the mother of N.Moreno and upon information and belief handled all the investment of funds stolen from Davis-Lynch.

### Background Facts

27.   N.Moreno, her daughter in law B.Saldana, her daughter A.Pucek and her relation by marriage Y.Trevino were all employees of Davis-Lynch. N.Moreno worked in the accounting department and was in charge of handling account payables and accounts receivable. B.Saldana, A.Pucek and Y.Trevino worked under the supervision of N.Moreno at Davis-Lynch. N.Moreno was a trusted employee of Davis-Lynch and provided accounting services to Davis Lynch over a period of twelve years. During the late spring of 2009, Davis-Lynch was involved in restructuring leases on numerous copying machines for its business. During this restructuring, a certain copy machine could not be accounted for or located immediately. Davis-Lynch learned that a certain copy machine leased to Davis-Lynch was not located at the Davis-Lynch facility but was in fact located at facilities owned and/or operated by K.Saldana, N.Moreno's son. Shortly after this discovery

Davis-Lynch undertook and investigation into the account payables managed by N.Moreno. At the time this investigation began only N.Moreno remained as an employee of Davis-Lynch. All N.Moreno's family members were no longer employed by Davis-Lynch. After learning of the copy machine issue, N.Moreno was terminated on August 31, 2009. Davis-Lynch continued with the investigation by hiring forensic accounting examiners to review the accounting of Davis-Lynch managed by N.Moreno. After approximately two months of forensic examination of the accounting records, telephone records and an examination of the accounting systems and N.Moreno's computer, Davis-Lynch discovered that the Defendants, and possibly other accomplices, engaged in multiple various schemes to embezzle millions of dollars and fraudulently transfer millions of dollars from the accounts of Davis-Lynch to fictitious businesses owned by the Defendants.

28.     N.Moreno and the other Defendants used a number of schemes to divert the money from Davis-Lynch to the Defendants. The Defendants utilized N.Moreno, A.Pucek, B.Saldana and Y.Trevino as the inside persons to access the accounting records of Davis-Lynch to steal in excess of $14,000,000.00 from Davis-Lynch.

### The Criminal and Fraudulent Schemes

29.     Upon information and belief the Defendants had N.Moreno, A.Pucek, B.Saldana and Y.Trevino, use their positions in the accounting department at Davis-Lynch, to create fictitious vendor accounts in the Davis-Lynch accounting program using names similar to approved vendor names already in the accounting system. The Defendants would file for assumed names similar to the approved vendor names and then open bank accounts using those names. The Defendants would then submit real invoices under the similar vendor names in order to obtain signatures on checks. The

Defendants would also forge the signature of the Davis-Lynch officer to pay for invoices that had no supporting documentation. N.Moreno, A.Pucek, B.Saldana and Y.Trevino would then use the fictitious invoices and encode these invoices onto the accounting system under approved vendor codes. Checks would then be issued to assumed names and corporations utilizing names similar to the approved vendor and then given to the Defendants to deposit in the Defendants' bank accounts.

30. The Defendants would also utilize the services of N.Moreno, A.Pucek, B.Saldana and Y.Trevino to create fictitious invoices for some of the Defendants that actually provided some type of service to Davis-Lynch. The Defendants would then utilize the vendor code and continue to pay on now fraudulent invoices to a Defendant that had previously provide a service or material. This creates a circumstance where fictitious invoices must be separated from arguably valid invoices.

**Express Packaging.**

31. Express Packaging is an assumed name for K.Saldana and his wife B.Saldana. Express Packaging did not at any time ever provide any services to Davis-Lynch and each and every invoice submitted by Express Packaging is a fraudulent document. Upon information and belief, Defendants utilized the services of the United States Postal Service to deliver these false and fraudulent invoices.

32. From May 10, 2000 through August 25, 2009 the Defendants utilized Express Packaging to send false and fraudulent invoices to Davis-Lynch. These invoices were then gathered by the Defendants N.Moreno, A.Pucek, B.Saldana and/or Y.Trevino and caused to be paid through either a forged check and/or falsely providing invoices of a valid vendor to obtain a valid signature. During this time period the Defendants caused 189 checks to be issued to Express Packaging and/or

Express Packaging & Transportation and illegally receive the sum of $3,631,908.65 from Davis-Lynch and deposited the stolen funds in several different bank accounts at Bank of America. The checks were illegally obtained and cashed and enjoyed by all the Defendants.

## Custom Products Company.

33.    Custom Products Company is an assumed name for  E.Trevino and wife Y.Trevino.  Custom Products Company did not at any time ever provide any services to Davis-Lynch and each and every invoice submitted by Custom Products Company is a fraudulent document. Upon information and belief, Defendants utilized the services of the United States Postal Service to deliver these false and fraudulent invoices.

34.    From February 20, 2006 through February 25, 2009 the Defendants utilized Custom Products Company to send false and fraudulent invoices to Davis-Lynch.  These invoices were then gathered by the Defendants N.Moreno, A.Pucek, B.Saldana and/or Y.Trevino and caused to be paid through either a forged check and/or falsely providing invoices of a valid vendor to obtain a valid signature.  During this time period the Defendants caused 60 checks to be issued to Custom Products Company, Custom Products, The Custom Products, Custom Threaded Products, Custom Products LMTD. and/or Custom Rubber Products Ltd. All the checks were deposited in the same bank account at Bank of America. The Defendants illegally received the sum of $6,556,711.00 from Davis-Lynch. The checks were illegally obtained and cashed and enjoyed by all the Defendants.

**Hunting Co.**

35.     Hunting Company is a d/b/a for E.Trevino and wife Y.Trevino. Hunting Company did not at any time ever provide any services to Davis-Lynch and each and every invoice submitted by Hunting Company is a fraudulent document. Upon information and belief, Defendants utilized the services of the United States Postal Service to deliver these false and fraudulent invoices.

36.     From June 15, 2007 through July 31, 2009 the Defendants utilized Custom Products Company to send false and fraudulent invoices to Davis-Lynch. These invoices were then gathered by the Defendants N.Moreno, A.Pucek, B.Saldana and/or Y.Trevino and caused to be paid through either a forged check and/or falsely providing invoices of a valid vendor to obtain a valid signature.   During this time period the Defendants caused 60 checks to be issued to Hunting Co., The Hunting Company, Hunting Company, The Hunt Company and/or The Hunting Company. All the checks were deposited in the same bank account at Bank of America. The Defendants illegally received the sum of $3,363,382.03 from Davis-Lynch. The checks were illegally obtained, cashed and enjoyed by all the Defendants.

**Ronald Wayne Pucek**

37.     R.Pucek, N.Moreno's son in law, is purportedly an electrician who N.Moreno purportedly obtained some contract electrical work at Davis-Lynch.  His work was defective and was not allowed to perform any other services for Davis-Lynch.  He was paid a few thousand dollars for work performed which was learned to be defective. Subsequent to 2006, R.Pucek did not ever provide any additional services to Davis-Lynch.  Each and every invoice submitted by R.Pucek and/or each and every check he received after termination is a fraudulent document. Upon

information and belief, Defendants utilized the services of the United States Postal Service to deliver these false and fraudulent invoices.

38.     From September 10, 2007 through November 10, 2009 the Defendants utilized R.Pucek to send false and fraudulent invoices to Davis-Lynch.   These invoices were then gathered by the Defendants N.Moreno, A.Pucek, B.Saldana and/or Y.Trevino and caused to be paid through either a forged check and/or falsely providing invoices of a valid vendor to obtain a valid signature.   During this time period the Defendants caused 23 checks to be issued to Ronald Wayne Pucek, Ronald Pucek and/or R.W.P.  All the checks were endorsed by R.Pucek and/or his wife and co-defendant A.Pucek and deposited in bank accounts at Chocolate Bayou Federal Credit Union, Chase Bank and others. The Defendants illegally received the sum of $96,700.00. The checks were illegally obtained, cashed and enjoyed by all the Defendants.

**R.E.Franklin**

39.     R.E. Franklin is a fictitious vendor account created in the Davis-Lynch accounting system by the Defendants, N.Moreno, A.Pucek, B.Saldana and/or Y.Trevino.   R.E.Franklin did not at any time ever provide any services to Davis-Lynch and each and every invoice submitted by R.E.Franklin is a fraudulent document and each and every check written to R.E.Franklin constitutes a theft. Upon information and belief, Defendants utilized the services of the United States Postal Service to deliver these false and fraudulent invoices.

40.     From May 11, 1998 through February 25, 2008 the Defendants utilized R.E.Franklin to send false and fraudulent invoices to Davis-Lynch.  These invoices were then gathered by the Defendants N.Moreno, A.Pucek, B.Saldana and/or

Y.Trevino and caused to be paid through either a forged check and/or falsely providing invoices of a valid vendor to obtain a valid signature. During this time period the Defendants caused 211 checks to be issued to R.E.Franklin, R.E.F. and/or N.E.F. (Nancy Epperson Floyd now known as Nancy Moreno) and illegally receive the sum of $944,143.50 from Davis-Lynch and cashed at Cantu's Check Cashing and/or deposited in several different bank accounts at Chocolate Bayou Federal Credit Union in the name of Nancy Floyd and Ronnie E. Floyd. The checks were illegally obtained, cashed and enjoyed by all the Defendants.

**FODEN/R.Floyd.**

41.    FODEN is a vendor created by N.Moreno (then Nancy Floyd) for her husband Ronnie E. Floyd. R.Floyd was married to N.Moreno (then Nancy E. Floyd) from June 16, 1998 until divorced on January 17, 2007. During 2000 through approximately 2004, R.Floyd sold a small amount of wood pallets to Davis-Lynch. The product he delivered was inferior and Davis-Lynch quit using him. However, even though Davis-Lynch was no longer purchasing any product from R.Floyd checks continued to be issued to him during the time period January 10, 2005 through May 25, 2006. There are no invoices to support any of these checks.    Each and every check issued to R.Floyd after termination is a fraudulent document and constitutes theft.

42.    From January 10, 2005 through May 25, 2006    the Defendants N.Moreno, A.Pucek, B.Saldana and/or Y.Trevino caused FODEN/R.Floyd to be paid through either a forged check and/or falsely providing invoices of a valid vendor to obtain a valid signature. During this time period the Defendants caused 29 checks to be issued to FODEN and/or R.Floyd. All the checks were endorsed by R.Floyd and

cashed at various locations. The Defendants illegally received the sum of $22,332.00. The checks were illegally obtained, cashed and used by all the Defendants.

**Nancy Moreno**

43.    On or about February 16, 2006, Nancy Moreno caused to be issued a check in the amount of $110,000.00 payable to Sterling, J. Hill, Inc.  False accounting entries were created for the issuance of the check.  The signature on the check is a forgery.  Sterling and/or J. Hill, Inc. were never vendors of Davis-Lynch.

44.    The check was used to purchase a residential lot in the name of Nancy Floyd.  Title to the lot was then transferred to N. Moreno's son N. Saldana.  Saldana Custom Homes, a d/b/a and corporation owned by K.Saldana built a house on the lot and either N.Moreno and/or K.Saldana live on the premises.  The house and all the furnishings in the home were purchased with the fruits of the embezzled funds by the Defendants.

**A & E Transportation**

45.    A & E Transportation is a d/b/a of K.Saldana. N.Moreno set up an account for A & E Transportation as a vendor with Davis-Lynch.  A & E Transportation performed some trucking services for Davis-Lynch.  During the forensic accounting examination a number of checks to A & E Transportation did not for any checks issued to it have any supporting invoices or documentation.  To date over six checks written to A & E Transportation have been identified during the time period December 2006 through July 2009.  These checks were forged. The Defendants received the sum of at least $66,276.53 from these forged checks.

46.     The Defendants, again utilizing the co-defendant employees, caused a copier leased by Davis-Lynch to be delivered to A&E Transportation.  This transfer was without the consent of Davis-Lynch and constitutes theft as that term is defined. The costs of the lease for the copier is $18,356.94, which sum was expended by Davis-Lynch.

## Hanna-Skye, Inc.

47.     Hanna-Skye, Inc. is Texas corporation owned by Albert Moreno, current husband of N.Moreno. It is engaged in the business of making molds and has provided product to Davis-Lynch. What Davis-Lynch did not know is the Defendants, again utilizing the co-defendant employees of Davis-Lynch, used the money stolen from Davis-Lynch to purchase a five acre tract and build the Hanna-Skye facility.  In addition to the theft of money to purchase the property, the Defendants, again utilizing the co-defendant employees of Davis-Lynch caused equipment, owned by Davis-Lynch, to be transferred to Hanna-Skye, purportedly for sale.  Contrary to the accounting entries made by defendants N.Moreno, A.Pucek, B.Saldana and/or Y.Trevino, the records are false as these Defendants collected checks payable to Davis-Lynch for the sale of scrap metal and coded these deposits as payments by Hanna-Skye to Davis-Lynch for the purchase of equipment and reimbursement of expenses.  To date the amount wrongfully taken exceeds $12,270.50.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## Civil RICO Violations

48.     The Plaintiff incorporates herein all previous allegations of this Complaint.

49.     Defendants N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, J.Trevino and Epperson conducted or participated, directly or indirectly, in the conduct of an enterprise through a pattern of racketeering activity. Such racketeering activity consists of mail fraud in violation of 18 U.S.C. § 1341; wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1956; creating fictitious obligations in violation of 18 U.S.C. §§ 514 and 1957 and prohibited activities under 18 U.S.C. §§ 1962, 1963 and 1964.

50.     Such pattern of activity is evidenced by the fraud practiced on Davis-Lynch in connection with all the false and fraudulent checks payable to Custom Products Company, Hunting Co., Express Packaging, R.E. Franklin, R.Floyd, Hanna-Skye, Inc., and used by A-Tex Roofing, Saldana Custom Homes, Monte Bello Ventures, LLC, Amery Enterprises, Inc., Eagle Transportation, Eagle Transmission, A&E Transportation, Line-X of Friendswood, Strawberry Soup Children's Boutique, Saldana Investments, LLC, Friendswood Waterscapes, LLC and EJ's Sports Bar, Inc.

51.     Such acts constituted violations of 18 U.S.C. § 1961 et seq., and the same were intended to and did proximately cause damages to Davis-Lynch in an amount far greater than ten million dollars.

52.     N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, J.Trevino and Epperson conspired in such violations in violation of 18 U.S.C. § 1962(d), in that N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, J.Trevino and Epperson agreed to join in such pattern of racketeering activity and to participate in certain predicate acts, knowing that such acts were part of a pattern of activity prohibited by 18 U.S.C. § 1962.

53.     Davis-Lynch has been damaged in an amount greater than $ 14,000,000 by reason of the actions of such Defendants. Such Defendants intended to cause and

did cause the loss and theft of over $14,000,000.00 from Davis-Lynch. Davis-Lynch was the intended target of Defendants' wrongful actions, and such damage to Davis-Lynch was the preconceived purpose and intended consequence of the Defendants' wrongful actions, including the predicate acts of mail fraud in violation of 18 U.S.C. § 1341; wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1956; creating fictitious obligations in violation of 18 U.S.C. § 514 and prohibited activities under 18 U.S.C. § 1962.

54.    Davis-Lynch is entitled to recover all such damages from all such Defendants; to trebling of all such damages; to recover all income derived by such Defendants or by related persons or entities such as Hanna-Skye, Amery, Custom, Investments, Waterscapes and EJ's and any amounts invested in such entities that is income from such unlawful activities; and to recover Davis-Lynch's reasonable costs of litigation herein, including attorney's fees.

## SECOND CAUSE OF ACTION

### THEFT

55.    Davis-Lynch incorporates herein all previous allegations of this Complaint.

56.    N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek and Epperson's conduct as described herein constitutes theft as that term is defined under the Texas Penal Code.

57.    Davis-Lynch is entitled to recover from N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek, Epperson, Hanna-Skye, Amery, Custom, Investments, Waterscapes and EJ's all actual property stolen, converted and/or damages proximately caused by such theft, which arc far in excess of $14,000,000.

### THIRD CAUSE OF ACTION

#### Fraud and Misrepresentation

58.    Davis-Lynch incorporates herein all previous allegations of this Complaint.

59.    N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek and Epperson made material written and oral representations to the Davis-Lynch for the purpose of inducing the Davis-Lynch to issue checks to the various defendants.   Such representations were false, and were known by the Defendants to be false at the time the representations were made to Davis-Lynch. N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek and Epperson such representations to the Davis-Lynch with the intent to deceive Davis-Lynch.

60.    Davis-Lynch relied on such misrepresentations to its detriment by paying false and fraudulent invoices, and has been materially damaged as a direct and proximate result.

61.    Davis-Lynch is entitled to recover from N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek, Epperson, Hanna-Skye, Amery, Custom, Investments, Waterscapes and EJ's all actual damages proximately caused by such fraud and misrepresentation, which are far in excess of $14,000,000.

62.    Davis-Lynch is further entitled to recover from N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek, Epperson, Hanna-Skye, Amery, Custom, Investments, Waterscapes and EJ's exemplary damages in an amount in excess of one million dollars each, because their acts of fraud and misrepresentation were undertaken intentionally and with malice, and/or with that state of mind for which the law permits imposition of such damages.

## FOURTH CAUSE OF ACTION

### Civil Conspiracy

63.     Davis-Lynch incorporates herein all previous allegations of this Complaint.

64.     N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek and Epperson conspired to defraud and make misrepresentations to the Davis-Lynch, and to conceal the truth from Davis-Lynch for as long as possible.

65.     N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek and Epperson engaged in one of more overt acts in furtherance of such conspiracy. Such acts include, but are not limited to, supplying false and fraudulent invoices for payment of non-existent services and products to the Davis-Lynch; directing false or misleading communications to Davis-Lynch regarding such false and fraudulent invoices.

66.     Such conspiracy and such acts in furtherance of such conspiracy have proximately caused damages to Davis-Lynch in amounts far in excess of $14,000,000, for which N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek and Epperson and their respective entities Hanna-Skye, Amery, Custom, Investments, Waterscapes and EJ's are jointly and severally liable. Davis-Lynch is therefore entitled to recover from N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek and Epperson and their respective entities Hanna-Skye, Amery, Monte Bello, Custom, Investments, Waterscapes and EJ's all such actual damages.

67.     Davis-Lynch is further entitled to recover from all such Defendants

participating in the conspiracy exemplary damages in an amount in excess of one million dollars each, because their acts of conspiracy were undertaken intentionally and with malice, and/or with that state of mind for which the law permits imposition of such damages.

**FIFTH CAUSE OF ACTION**

**<u>Breach of Fiduciary Duty</u>**

68.     Davis-Lynch incorporates herein all previous allegations of this Complaint.

69.     N.Moreno, B.Saldana, A.Pucek and Y.Trevino owed fiduciary duties to Davis-Lynch. These fiduciary duties included the duty to act in the Davis-Lynch's best interests in payment of accounts payable; in reviewing and verifying the accuracy of invoices to Davis-Lynch; in documenting and supervising the payment of invoices for accounts payable by Davis-Lynch and related disbursements of funds. N.Moreno, B.Saldana, A.Pucek and Y.Trevino owed Davis-Lynch duties of loyally, candor, and care in connection with her services to Davis-Lynch, including all of their actions relating to the other Defendants.

70.     N.Moreno, B.Saldana, A.Pucek and Y.Trevino materially breached their fiduciary duties to Davis-Lynch in connection with their actions relating to the other Defendants. Among other things, N.Moreno, B.Saldana, A.Pucek and Y.Trevino misinformed Davis-Lynch and failed to disclose to the Davis-Lynch material information relating to payments made to themselves and all the other defendants. N.Moreno, B.Saldana, A.Pucek and Y.Trevino knowingly misinformed Davis-Lynch regarding material facts relating to the payments received by the defendants; knowingly failed to disclose to Davis-Lynch material facts regarding the invoices and payments that would have caused Davis-Lynch, had it known such facts, not to make the payments. Such breaches of fiduciary duty by N.Moreno, B.Saldana, A.Pucek and Y.Trevino

proximately caused substantial damages to Davis-Lynch.

71.     Davis-Lynch is entitled to recover such damages and a constructive trust on all amounts or property obtained by N.Moreno, B.Saldana, A.Pucek and Y.Trevino and any others acting in active concert and participation with them in such breaches, including but not limited to  N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, J.Trevino, Epperson, Hanna-Skye, Amery, Custom, Monte Bello, Investments, Waterscapes and EJ's. All those acting in concert with N.Moreno, B.Saldana, A.Pucek and Y.Trevino, including but not limited to A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, J.Trevino, Epperson, Hanna-Skye, Amery, Custom, Monte Bello, Investments, Waterscapes and EJ's are jointly and severally liable to Davis-Lynch for all damages resulting from N.Moreno, B.Saldana, A.Pucek and Y.Trevino breaches of their fiduciary duties to Davis-Lynch. Davis-Lynch further is entitled to recover from N.Moreno, B.Saldana, A.Pucek and Y.Trevino exemplary damages in an amount in excess of one million dollars, because their acts in violation of their fiduciary duties were undertaken intentionally and with malice, and/or with that state of mind for which the law permits imposition of such damages.

## SIXTH CAUSE OF ACTION

### Conversion, Misappropriation and Imposition of Constructive Trust

72.     Davis-Lynch incorporates herein all previous allegations of this Complaint.

73.     N.Moreno, A.Moreno, R.Floyd, E.Trevino, Y.Trevino, K.Saldana, B.Saldana, R.Pucek, A.Pucek, Epperson, Hanna-Skye, Amery, Monte Bello, Custom, Investments, Waterscapes and EJ's on information and belief misappropriated, improperly received and used, and/or converted to their own use funds fraudulently obtained from Davis-Lynch. Such property included money fraudulently obtained

through false and fictitious accounting documents and invoices, forged checks and theft of property.   These funds were used by the defendants to fund personal purchases, homes, businesses, cosmetic surgery, land, business properties, cars, motorcycles, art, boats, jewelry and loans to others.

74.     Davis-Lynch is entitled to a full accounting as to all such funds, collateral and other property; to return and recovery of the same and all direct and indirect proceeds thereof, and/or the fair value thereof. In order to prevent unjust enrichment, Davis-Lynch is further entitled to imposition of a constructive trust on all funds and property obtained by Defendants through actual or constructive fraud on Davis-Lynch, and all funds or property traceable thereto, and to other equitable or injunctive relied as necessary to do justice to Davis-Lynch.

## SEVENTH CAUSE OF ACTION

### Recovery of Voidable Transfers.

75.     Davis-Lynch incorporates herein all previous allegations of this Complaint.

76.     The Defendants engaged in numerous transfers that were fraudulent as to Davis-Lynch, in that the Defendants received money and property without giving a reasonably equivalent value in exchange.

77.     The Defendants have further engaged in numerous transfers of money and assets with actual intent hide the money and property stolen from Davis-Lynch. Some or all of such transfers were made between persons occupying a confidential relationship with Davis-Lynch.

78.     Davis-Lynch is entitled and seeks to avoid all such transfers, including transfers to  N.Moreno,  A.Moreno,  R.Floyd,  E.Trevino,  Y.Trevino,  K.Saldana,

B.Saldana,  J.Trevino,  Epperson,  Hanna-Skye,  Monte  Bello,  Amery,  Custom, Investments, Waterscapes and EJ's; to temporary and permanent injunctive and other equitable relief in order to prevent further disposition or dissipation of property so transferred; and to costs and attorney's fees.

### PRAYER

WHEREFORE, Plaintiff prays for relief as set forth above, and in particular for actual damages from all Defendants jointly and severally, in an amount far in excess of $14,000,000.00; exemplary and treble damages from certain Defendants as set forth above, in an amount in excess of one million dollars each; equitable relief, including injunctive relief, an accounting and imposition of constructive trusts, and pre-and post-judgment interest; reasonable attorney's fees, costs, and  expenses as set forth above; and for such other relief as may be appropriate.

Respectfully Submitted,

BY: _____

WILLIAM T. POWELL
Federal Bar No. 2986
6363 Woodway, Suite 600
Houston, Texas 77057
713-722-9233 – telephone
713-722-9433 – facsimile
Email:  ted@tedpowelllaw.com


SALVADOR E. RODRIGUEZ
2700 South Post Oak, Suite 1050
Houston, Texas 77056
713-572-0572 – telephone
713-872-0888 – facsimile
Email:  salrod2@pdq.net