UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVIS- LYNCH, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-87 |
| | § | |
| NANCY MORENO, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## **PRELIMINARY INJUNCTION**

The Court, having heard the plaintiff, Davis-Lynch, Inc.'s, Motion for Preliminary Injunction against the defendants Nancy Moreno a/k/a Nancy Saldana a/k/a Nancy Epperson Floyd, Jose Alfredo Moreno a/k/a Al Moreno, a/k/a Alfredo Moreno, individually and d/b/a Hanna-Skye and Accurate, Ronnie E. Floyd, Ernest Trevino, Jr., Individually and d/b/a Custom Products Company, A-Tex Roofing Company and Hunting Co., Yvette Ibarro Trevino, Noe Kent Saldana a/k/a Kent Saldana a/k/a Kent N. Saldana, Individually and d/b/a Eagle Transportation, Eagle Transmission, A&E Transportation, Line-X of Friendswood, Express Packaging, Brooke Davenport-Saldana, individually and d/b/a Strawberry Soup Children's Boutique, Bettye Durant Epperson a/k/a Betty Epperson, Alicia Saldana Pucek a/k/a Alicia Saldana a/k/a Alicia Marie Saldana, Ronald Wayne Pucek III, Hanna-Skye, Inc., Monte Bello Ventures, LLC; Arnery Enterprises, Inc., Saldana Custom Homes, Inc., Saldana Investments, LLC, Friendswood Waterscapes, LLC and EJ's Sports Bar, Inc., and the Court having previously heard testimony and accepted evidence into the record, granted an ex-parte temporary restraining order against these defendants and after considering testimony, pleadings, affidavits, evidence and argument determines that:

1.   There is credible evidence of an alleged illegal schemes to embezzle and fraudulently obtain from the plaintiff monies in an amount in excess of $14,000,000.00 in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1956, 18 U.S.C. §§ 514 and 1957 and prohibited activities under 18 U.S.C. §§ 1962, 1963 and 1964, has occurred;

2.   The defendants may have utilized these alleged illegally obtained monies to purchase property, both real and personal, and that the defendants have no visible means of income other than the illegally obtained money from the plaintiff.

3.   The plaintiff will suffer immediate and irreparable injury, loss, or damage by the defendants disposing of the alleged embezzled money and property obtained with the alleged embezzled funds.

4.   The injury is irreparable because the defendants do not appear to have any property not obtained through any source other than the alleged embezzled funds and the defendants appear to be attempting to dispose of property obtained using the alleged embezzled funds.  The defendants have attempted to transfer money from bank accounts in which the alleged embezzled funds have been placed, one or more of the defendants have disposed of property which could only have been purchased using the alleged embezzled funds in violation of this Court's Temporary Restraining Order.

5.   There is a substantial likelihood that Davis-Lynch, Inc. will prevail on the merits. It is therefore ORDERED:

The defendants, their officers, agents, servants, employees, and attorneys and all persons acting in concert with them be and are hereby restrained and enjoined from concealing, moving, transferring, spending, dissipating, or disposing of any and all money and/or any property traceable to such alleged embezzled money;

The defendants and their banks, Chase Bank, Wells Fargo, Chocolate Bayou Federal Credit Union, Bank of America and Patriot Bank are hereby restrained and enjoined from concealing, moving, transferring, offsetting, spending dissipating or disposing of any and all money and/or assets in accounts at the banks until further orders of this Court;

The defendants, their officers, agents, servants, employees, and attorneys and all persons acting in concert with them be and are hereby restrained and enjoined from concealing, moving, transferring, spending, dissipating, or disposing of the following property:

> 2007 Mercedes Benz License No. 964-TBV, 1995 08' 04" Bombardier Outboard No. ZZN82800E595, 2009 Toyota pickup License No. 36X-NB9, 2007 29' Triton Outboard No. TJZ7C105F607, 2007 30' Wellcraft No. WELJUAlOK607, 2009 Honda motorcycle License No. 3WZ-463, 2008 Cadillac License No. 65T-WF8, 2008 Hummer License No. 88T-WR8, 2008 Ford pickup License No. 89S-TF6, 2008 Harley Davidson motorcycle License No. 3SP-536, 2007 Chevrolet License No. 050-ZKY, 1996 Ford pickup License No. O4N-NK1, 1970 Chevrolet License No. EJSMC, 2007 21' Sea Ray No. SERV6947D707, 2008 Lexus License No. DSG-594, 2005 Cadillac License No. SMD-991, 2008 Jeep License No. LLX-654, 2007 Mercedes License No. NNZ-029, 2007 Chevrolet License No. 875-RRR, 2007 Chevrolet License No. 79M-DJ5, 2004 Lexus License No. Z73-BNX, 2009 Harley Davidson motorcycle License No. 3SH-985;

until further orders of this Court;

The defendants, their officers, agents, servants, employees, and attorneys and all persons acting in concert with them are hereby ordered to disclose the location and the identity of the person and/or entity in possession of the following property:

> 2007 Mercedes Benz License No. 964-TBV, 1995 08' 04" Bombardier Outboard No. ZZN82800E595, 2009 Toyota pickup License No. 36X-NB9, 2007 29' Triton Outboard No. TJZ7C105F607, 2007 30' Wellcraft No. WELJUAlOK607, 2009 Honda motorcycle License No. 3WZ-463, 2008 Cadillac License No. 65T-WF8, 2008 Hummer License No. 88T-WR8, 2008 Ford pickup License No. 89S-TF6, 2008 Harley Davidson motorcycle License No. 3SP-536, 2007 Chevrolet License No. 050-ZKY, 1996

    Ford pickup License No. 04N-NKI, 1970 Chevrolet License No. EJSMC, 2007 21' Sea Ray No. SERV6947D707, 2008 Lexus License No. DSG-594, 2005 Cadillac License No. SMD-991, 2008 Jeep License No. LLX-654, 2007 Mercedes License No. NNZ-029, 2007 Chevrolet License No. 875-RRR, 2007 Chevrolet License No. 79M-DJ5, 2004 Lexus License No. Z73-BNX, 2009 Harley Davidson motorcycle License No. 3SH-985;

to the plaintiffs counsel by Monday, January 25, 2010, 12:00 p.m.

  The defendants, their officers, agents, servants, employees, and attorneys and all persons acting in concert with them be and are hereby restrained and enjoined from contacting employees of the plaintiff and from entering onto the premises of plaintiff until further orders of this Court;

  The defendant Noe Kent Saldana has allegedly violated this Court's Temporary Restraining Order by transferring title to a 2008 Mercedes Benz License No. NNZ 029, a Toyota forklift, and cash (by check) in the amount of $3,000.00, to John Matthew Page individually and doing business as Advanced Electronic Systems/AES. John Matthew Page, individually and doing business as Advanced Electronic Systems/AES, is hereby ordered to turn over the described property and money received from Noe Kent Saldana, together with titles to such property, to the plaintiff, through the plaintiff's counsel William T. Powell, by Friday, January 22, 2010, 12:00 p.m.

  The Court further orders the plaintiff to post bond in the amount of $ -0-.

  This Order will expire upon the entry of a final judgment in this matter.

  SIGNED at Houston, Texas this 21st day of January, 2010.

                _____
                Kenneth M. Hoyt
                United States District Judge